**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Rosanne Edwards Murphy, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 2:05-1913-CWH |
| | ) | |
| versus | ) | |
| | ) | |
| Werber Bryan Psychiatric Hospital and | ) | **ORDER** |
| Dr. Gruber | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On September 8, 2005, the plaintiff, a resident of South Carolina, filed a complaint *pro se* against Werber Bryan Psychiatric Hospital and Dr. Gruber, who treated the plaintiff at Werber Bryan Psychiatric Hospital. The plaintiff alleges that both the plaintiff and the defendants are citizens of South Carolina. Werber Bryan Psychiatric Hospital is operated by the South Carolina Department of Mental Health.

On September 22, 2005, Magistrate Judge George C. Kosko filed a report and recommended that this action be dismissed for lack of jurisdiction. On September 26, 2005, the plaintiff filed objections to the magistrate judge's report and recommendation.

Although the plaintiff's *pro se* complaint is liberally construed, federal courts are of limited jurisdiction. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is without 28 U.S.C. §1332 diversity jurisdiction because there is not complete diversity of citizenship. Strawbridge v. Curtiss, 7 U.S. 267 (1806); Owen Equip. & Erection Co., v. Koger, 437 U.S. 365, 372-74 (1978).

The plaintiff alleges that Dr. Gruber wrongfully diagnosed her with schizophrenia. The

plaintiff alleges that she was hospitalized at Palmetto Behavioral Health and then transferred to Werber Bryan Psychiatric Hospital for five months. She claims that Werber Bryan Psychiatric Hopsital and Dr. Gruber committed medical practice and that she endured mental harassment. The plaintiff seeks "justice" and the revocation of the defendants' medical licenses. She also claims that she is unable to identify her birth child, and she wishes to have visitation with the children that she raised.

Although medical malpractice is a cause of action under South Carolina state law, the complaint has not raised any federal questions. Pederson v. Gould, 341 S.E.2d 633, 634 (1986). Negligence is not a cause of action under 42 U.S.C. §1983. Daniel v. Williams, 474 U.S. 344, 345-48 (1986). Similarly, neither medical malpractice nor mental harassment is actionable under 42 U.S.C. §1983. Estelle v. Gamble, 429 U.S. 97, 106 (1976), Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985). Therefore, this court is without 28 U.S.C. §1331 federal question jurisdiction.

Accordingly, the Court adopts the report and recommendation and dismisses this action without prejudice and without service of process for lack of jurisdiction.

**AND IT IS SO ORDERED.**

                                                                                                  C. Weston Houck
                                                                                                  _____
                                                                                                  C. WESTON HOUCK
                                                                                                  UNITED STATES DISTRICT JUDGE

Charleston, South Carolina
October 27, 2005